Uddin-Nessa v. Barr

BIA
A200 239 856

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty.

PRESENT:
> GUIDO CALABRESI,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

AHMED SHAFIQ UDDIN-NESSA, AKA
MOHAMED SHAFIQ AHMED,
> *Petitioner,*

> v.                                          19-1105
>                                             NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gregory Marotta, Vernon, NJ.

FOR RESPONDENT:        Ethan P. Davis, Acting Assistant
                       Attorney General; Anthony P.
                       Nicastro, Assistant Director;
                       Sheri R. Glaser, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Ahmed Shafiq Uddin-Nessa, a native and citizen of Bangladesh, seeks review of a March 28, 2019 decision of the BIA, denying his motion to reopen. *In re Ahmed Shafiq Uddin-Nessa*, No. A200 239 856 (B.I.A. Mar. 28, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion to reopen, Uddin-Nessa argued that conditions in Bangladesh had worsened for members of the Bangladesh Nationalist Party ("BNP") and that police in Bangladesh sought to arrest him in 2017 on account of his activities with that party before he came to the United States in 2011. As support, he submitted an affidavit from his sister, a warrant for his arrest obtained by his sister, and

2

general country conditions evidence.

It is undisputed that Uddin-Nessa's 2018 motion was untimely because it was filed two years after his removal order became final in 2016. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3). The BIA did not err in finding that Uddin-Nessa failed to demonstrate such conditions.

"[T]o prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding . . . , the [movant] must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020); *see also Kaur v. BIA*, 413 F.3d 232, 234

3

(2d Cir. 2005) ("[E]vidence submitted by petitioner in support of . . . motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application."). The BIA did not err in concluding that Uddin-Nessa's evidence—an attempt to arrest him in Bangladesh in 2017 and general conditions in that country—failed to overcome the agency's underlying adverse credibility determination. That evidence did not address the findings that formed the basis for the BIA's determination: Uddin-Nessa's inconsistent statements to immigration authorities regarding whether he had ever been arrested. *See Kaur*, 413 F.3d at 234; *Matter of F-S-N-*, 28 I. & N. Dec. at 3. That finding alone was dispositive of Uddin-Nessa's motion to reopen insofar as he sought to apply for asylum based on changed country conditions, and we deny the petition to this extent. *See Kaur*, 413 F.3d at 234; *Matter of F-S-N-*, 28 I. & N. Dec. at 3.

Nevertheless, we note that the BIA did not err in its alternative determination that Uddin-Nessa failed to establish a material change in conditions because his

4

personalized evidence was not sufficiently reliable and his country conditions evidence described ongoing, rather than worsened, political violence in Bangladesh. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (providing that the weight afforded evidence in immigration proceedings lies largely within agency discretion); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–49 (2d Cir. 2007) (holding that the agency may decline to credit evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) (comparing country conditions evidence submitted with motion to conditions at the time of the hearing below).

Because Uddin-Nessa did not demonstrate that the time limitations applicable to his motion should be excused, "his motion to reopen could only be considered upon exercise of the Agency's *sua sponte* authority." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) (citing 8 C.F.R. § 1003.2(a)). We lack jurisdiction to review the agency's "entirely discretionary" decision declining to reopen proceedings sua sponte. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

5

However, "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate." *Mahmood*, 570 F.3d at 469.

The BIA did not misperceive the law in declining to reopen sua sponte based on Uddin-Nessa's argument that his notice to appear was defective under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). His argument that his notice to appear was insufficient to initiate removal proceedings because it did not specify a hearing date is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 110, 112 (2d Cir. 2019). Accordingly, we dismiss the petition for review insofar as it challenges the BIA's discretionary decision declining to reopen sua sponte. *See Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court